IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MSN LABORATORIES PRIVATE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>BIOPROJET SOCIÉTÉ CIVILE DE RECHERCHE,<br><br>Defendant. | C.A. No. 1:23-cv-1675 |

**MSN LABORATORIES PRIVATE LIMITED'S
DECLARATORY JUDGMENT COMPLAINT**

Plaintiff MSN Laboratories Private Limited ("MSN" or "Plaintiff") brings this action against Defendant Bioprojet Société Civile De Recherche ("Bioprojet" or "Defendant"), seeking a declaration that MSN has not infringed, does not infringe, and will not infringe any valid claim of U.S. Patent Nos.: Nos. 8,486,947 ("the '947 patent"), 8,207,197 ("the '197 patent") and 8,354,430 ("the '430 patent) (collectively, "the patents-in-suit") based on MSN's filing of Abbreviated New Drug Application No. 218873 ("MSN's ANDA").

**NATURE OF THE ACTION AND STATUTORY BACKGROUND**

1. This declaratory judgment action arises under the patent laws of the United States (35 U.S.C. § 1, *et. seq*), Amendments to the Federal Food, Drug, and Cosmetics Act (21 U.S.C. § 35), and the Declaratory Judgment Act (28 USC § 2201).

2. Under the "Drug Price Competition and Patent Term Restoration Act of 1984," also known as the Hatch-Waxman Act, which governs the U.S. Food and Drug Administration's ("FDA's") approval of both new and generic drugs, when a company files a New Drug Application ("NDA"), it must, inter alia, identify those patents "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." 21 U.S.C. § 355(b)(1).

3. Then, as required by statute, after an NDA is approved, FDA publishes the enumerated patents in a publication entitled Approved Drug Products with Therapeutic Equivalence Evaluations (colloquially, "Orange Book"). *Id.*

4. Under the Hatch-Waxman Act, a company filing an Abbreviated New Drug Application ("ANDA") must, inter alia, submit a patent certification with respect to each patent in the Orange Book listed for that particular product at the time the ANDA is filed. 21 U.S.C. § 355(j)(2)(A)(vii).

5. Though there are four patent certification options, the only certification relevant to this action is a so-called "Paragraph IV Certification," which states that an Orange Book-listed patent "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted." 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

6. If an ANDA applicant elects to file a Paragraph IV Certification to one or more of the Orange Book-listed patents, it is required by statute to provide written notice of the certification to (1) the owner of each patent that is the subject of the

certification and (2) the holder of the approved NDA—a so-called "Paragraph IV Notice Letter." 21 U.S.C. § 355(j)(2)(B).

7. After both the patent owner and NDA holder have received the Paragraph IV Notice Letter, they have forty-five days to file suit asserting infringement of one or more Orange Book listed patents 21 U.S.C. § 355(j)(5)(B)(iii) in order to trigger a mandatory regulatory stay of FDA approval of the ANDA. If no suit is filed, there is no stay.

8. An ANDA applicant, who has not been sued within forty-five days of the NDA holder and patent holder's receipt of a Paragraph IV Notice Letter, may file a declaratory-judgment complaint against the NDA holder and/or the patent owner seeking a ruling of non-infringement, invalidity and/or unenforceability of any Orange Book-listed patent for which the ANDA applicant submitted a Paragraph IV Certification. 21 U.S.C. § 355 (j)(5)(C).

## THE PARTIES

9. MSN Laboratories Private Limited is a Private Limited company organized and existing under the laws of India, with a principal place of business at MSN House, Plot No.: C-24, Industrial Estate, Sanathnagar, Hyderabad – 18 Telangana, India.

10. Upon information and belief, Defendant Bioprojet is an independent, privately-owned company organized and existing under the laws of France, having a place of business at 7, rue Rameau, 75002, Paris, France. Bioprojet is the assignee and owner of the patents-in-suit.

## JURISDICTION AND VENUE

11. This action is for a declaratory judgment that MSN has not, does not, and will not infringe the claims of the patents-in-suit. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., the Hatch-Waxman Act, 21 U.S.C. §§ 355(j) et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves substantial claims arising under the United States Patent Act, 35 U.S.C. §§ 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, 21 U.S.C. § 355(j)(5)(C), and 35 U.S.C. § 271(e)(5).

13. There is an actual controversy between MSN and Defendant concerning noninfringement of the patents-in-suit arising under the United States Patent Act, 35 U.S.C. §§ 1 et seq. and MSN's right to seek FDA approval of MSN's ANDA, which it submitted to the FDA, and upon FDA approval, to market the product covered by MSN's ANDA.

14. This Court has personal jurisdiction over Bioprojet because it has purposefully availed itself of this forum by causing others to use, offer to sell, or sell, pharmaceutical products, including WAKIX®, in the Commonwealth of Virginia and derived substantial revenue from such activities.

15. This Court also has personal jurisdiction over Bioprojet because Bioprojet has brought suit in this district seeking adjudication of certain patent rights, and has therefore availed itself of the rights and privileges of this forum in *Bioprojet SCR v. Lee*, Case No. 13-cv-055 (E.D. Va. Jan. 2013).

16. This Court also has personal jurisdiction over jurisdiction over Bioprojet pursuant to Fed. R. Civ. P. 4(k)(2) because (1) MSN's claims arise under federal law; (2) Bioprojet is a foreign corporation; and (3) Bioprojet has sufficient contacts with the United States. These contacts include, but are not limited to, Bioprojet by itself and/or through its subsidiaries, agents, and/or alter egos, causing others to use, offer to sell or sell and distribute pharmaceutical products throughout the United States, including in this District and the Commonwealth of Virginia, applying for and obtaining U.S. patents, listing such patents in FDA's Orange Book, and litigating cases in this District.

17. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), 1400(b), and/or 21 U.S.C. § 355 because both parties to the complaint are not residents of the United States and Bioprojet may be sued in any judicial district.

## THE PATENTS-IN-SUIT

18. The '947 patent is entitled "Treatment of Parkinson's Disease, Obstructive Sleep Apnea, Dementia with Lewy Bodies, Vascular Dementia with Non-Imidazole Alkylamines 3 Histamine H3-Receptor Ligands," and issued by the USPTO on July 16, 2013. The '947 patent is attached hereto as Exhibit A. Upon information and belief, Bioprojet is the sole owner and assignee of the '947 patent.

19. The '197 patent is entitled "Monohydrochloride Salt of 1-[3-[3-(4-Chlorophenyl) Propoxy]Propyl] -Piperidine," and issued by the USPTO on June 26, 2012. The '197 patent is attached hereto as Exhibit B. Upon information and belief, Bioproject is the sole owner and assignee of the '197 patent.

20. The '430 patent is entitled "Monohydrochloride Salt of 1-[3-[3-(4-Chlorophenyl) Propoxy]Propyl] -Piperidine," and issued by the USPTO on January 15, 2013. The '430 patent is attached hereto as Exhibit C. Upon information and belief, Bioprojet is the sole owner and assignee of the '430 patent.

## FACTS GIVING RISE TO THIS ACTION

21. The FDA Orange Book includes an entry for Pitolisant Hydrochloride tablet, offered under the trade name WAKIX®, with an NDA number 211150.

22. Upon information and belief, WAKIX® is available in film-coated tablets containing 5 mg or 20 mg of pitolisant hydrochloride (equivalent to 4.45 mg or 17.8 mg of pitolisant free base, respectively).

23. On information and belief, the '947 patent was submitted to the FDA for listing in the Orange Book for NDA Number 211150 on September 11, 2019.

24. On information and belief, the '197 patent was submitted to the FDA for listing in the Orange Book for NDA Number 211150 on September 11, 2019.

25. On information and belief, the '430 patent was submitted to the FDA for listing in the Orange Book for NDA Number 211150 on September 11, 2019.

26. By maintaining the listing of the '947, '197 and '430 patents in the Orange Book, the NDA holder represents that a claim of infringement of the '947, '197 and '430 patents "could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of" a generic pitolisant tablet. 21 U.S.C. § 355(b)(1)(A)(viii).

27. On August 14, 2023, MSN filed ANDA No. 218873 with the FDA seeking approval to manufacture, distribute, market and sell a generic pitolisant tablet ("MSN's

ANDA Product") in the United States, including in this District and the Commonwealth of Virginia.

28. In that ANDA, MSN submitted Paragraph IV certifications for U.S. Patent Nos. 8,207,197; 8,354,430; and 8,486,947, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

29. On September 26, 2023, MSN received the FDA's Paragraph IV Acknowledgement Letter, and on October 13, 2023—within the 20-day period—MSN sent its notice letter to Harmony Biosciences LLC (the NDA Holder) and Bioprojet (the Patent Owner) via Federal Express in accordance with FDA regulations. *See* 21 C.F.R. §§ 314.95(a), (b), and (d).

30. Bioprojet received MSN's notice on October 18, 2023 (*See* Exhibit D – signed FedEx Delivery Confirmation) making December 4, 2023 the forty-five day deadline for it to file suit of infringement on the noticed Paragraph IV certified patents. 21 C.F.R. § 314.95(f).

31. On December 4, 2023, no action for infringement was brought within forty-five days of the notice MSN provided to Bioprojet regarding MSN's Paragraph IV certifications.

32. Because Bioprojet did not assert the patents-in-suit in a lawsuit within the forty-five day period against MSN, MSN is left with uncertainty as to whether a patent infringement suit, pursuant to 35 U.S.C. § 271(a), will be filed upon the market launch of MSN's generic pitolisant product.

33. As a result, MSN files this suit after expiration of the forty-five day period to obtain patent certainty, which is expressly permitted under 21 U.S.C. § 355(j)(5)(C)(i),

to market and sell in the United States, including in this District and the Commonwealth of Virgina, its generic pitolisant drug product at the earliest possible date without the risk of an infringement lawsuit.

34. This declaratory judgment action allows MSN to avoid legal uncertainty and to protect MSN's substantial investment (and anticipated future investment) in MSN's ANDA Product that will be incurred during its preparations for launch.

35. Also, MSN desires to bring MSN's ANDA Product to market and to allow the public to enjoy the benefits of full generic competition for these products at the earliest possible date under the applicable statutory and regulatory provisions.

36. In sum, under the current facts, MSN's ANDA Product cannot enter the market without risk of a patent infringement lawsuit brought by Bioprojet before the expiration of the last Orange Book patent on March 7, 2030. A patent infringement lawsuit is likely because the patents-in suit continue to be listed in the Orange Book for WAKIX®.

37. If, among other things, MSN is able to obtain a final court decision that the patents-in-suit are "invalid or not infringed," MSN would be able to enter the marketplace without risk of an infringement action well before the March 7, 2030 expiration of the last-to-expire Orang Book patent.

38. In other words, a judgment declaring that the claims of the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, and/or offer for sale of MSN's ANDA Product will remove any barriers and risks.

39. As a result, an actual and justiciable controversy exists between Plaintiff and Defendant related to the patents-in-suit.

## FIRST COUNT
### (Declaratory Judgment of Non-Infringement of the '947 Patent)

40. MSN repeats and incorporates by reference each of the foregoing paragraphs of MSN's Declaratory Judgment Complaint.

41. This Count arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 21 U.S.C. § 355(j)(5)(C)(i). An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Bioprojet and MSN concerning the infringement of the '947 patent.

42. The manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Product pursuant to ANDA No. 218873 does not infringe one or more valid and enforceable claim of the '947 patent.

43. Thus, MSN is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Product do not infringe one or more valid and enforceable claim of the '947 patent.

## SECOND COUNT
### (Declaratory Judgment of Invalidity of the '947 Patent)

44. MSN repeats and incorporates by reference each of the foregoing paragraphs of MSN's Declaratory Judgment Complaint.

45. This Count arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 21 U.S.C. § 355(j)(5)(C)(i). An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Bioprojet and MSN concerning the invalidity of claims of the '947 patent.

46. The claims of the '947 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 103, and/or 112, and/or based on other judicially-created bases for invalidation.

47. Thus, MSN is entitled to a declaration that the claims of the '947 patent are invalid.

### THIRD COUNT
### (Declaratory Judgment of Non-Infringement of the '197 Patent)

48. MSN repeats and incorporates by reference each of the foregoing paragraphs of MSN's Declaratory Judgment Complaint.

49. This Count arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 21 U.S.C. § 355(j)(5)(C)(i). An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Bioprojet and MSN concerning the infringement of the '197 patent.

50. The manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Product pursuant to ANDA No. 218873 does not infringe any valid and enforceable claim of the '197 patent.

51. Thus, MSN is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Product does not infringe any valid and enforceable claim of the '197 patent.

## FOURTH COUNT
### (Declaratory Judgment of Non-Infringement of the '430 Patent)

52. MSN repeats and incorporates by reference each of the foregoing paragraphs of MSN's Declaratory Judgment Complaint.

53. This Count arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 21 U.S.C. § 355(j)(5)(C)(i). An actual, substantial, and continuing justiciable controversy having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Bioprojet and MSN concerning the infringement of the '430 patent.

54. The manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Product pursuant to ANDA No. 218873 does not infringe any valid and enforceable claim of the '430 patent.

55. Thus, MSN is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Product does not infringe any valid and enforceable claim of the '430 patent.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff MSN Laboratories Private Limited prays that the Court enter judgment in their favor and against Defendant as follows:

A. Declaring that the making, using, selling, offering for sale, marketing, or importation of MSN's ANDA Product described in ANDA No. 218873 does not infringe any valid or enforceable claim of the '947 patent;

B. Declaring that the '947 patent and all of its claims are invalid;

C. Declaring that the making, using, selling, offering for sale, marketing, or importation of MSN's ANDA Product described in ANDA No. 218873 does not infringe any valid or enforceable claim of the '197 patent;

D. Declaring that the making, using, selling, offering for sale, marketing, or importation of MSN's ANDA Product described in ANDA No. 218873 does not infringe any valid or enforceable claim of the '430 patent;

E. Enjoining Defendant and its agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice hereof, from threatening or initiating infringement litigation against MSN or its customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or customers of MSN, or charging it either orally or in writing with infringement of any patent asserted herein against MSN;

F. Enjoining Defendant and its agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice hereof, from interfering with FDA's approval of ANDA No. 218873; and

G.    Awarding any other such relief as is just and proper.

Dated: December 8, 2023

Respectfully submitted,

By: */s/Chandran B. Iyer*
Chandran B. Iyer (VA Bar No. 94100)
DAIGNAULT IYER LLP
Ronald M. Daignault* (*pro hac vice* to be filed)
Richard Juang* (*pro hac vice* to be filed)
Kevin H. Sprenger (VA Bar No. 98588)
8618 Westwood Center Drive, Suite 150
Vienna, VA 22182
(202) 330-1666
cbiyer@daignaultiyer.com
rdaignault@daignaultiyer.com
rjuang@daignaultiyer.com
ksprenger@daignaultiyer.com

*Attorneys for MSN Laboratories Private Limited*

*Not admitted in Virgina